

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 14, 1964

Honorable Ronald D. Stephens
County Attorney
Young County Courthouse
Graham, Texas

Dear Mr. Stephens:

Opinion No. C-293

Re: Authority of the county
to furnish special medical
attention in the treatment
of indigent county residents.

You have requested an opinion from this office upon
the following questions:

"1.  Is the county under a duty and
authorized to employ specialists, such as
a neuro-surgeon, in the treatment of indigent
residents in the county?

"2.  Is the county authorized to secure
the services of a neuro-surgeon who practices
medicine outside the county and have the neuro-
surgeon perform services in a public hospital
within the county where the indigent resident
resides?"

Article 2351, Vernon's Civil Statutes, reads in part
as follows:

"Each commissioners court shall:

"  . . .

"11.  Provide for the support of paupers
and such idiots and lunatics as cannot be ad-
mitted into the lunatic asylum, residents of
their county, who are unable to support them-
selves.  By the term resident as used herein,
is meant a person who has been a bona fide
inhabitant of the county not less than six
months and of the State not less than one
year."

By the term "support" is meant more than supplying food, clothing and living quarters; it means all that is necessary to bodily health and comfort including proper care and treatment during sickness. Monghon v. Van Zandt County, 3 Willson Civ.Cas.App., sec. 198 (1886); 44 Tex.Jur.2d, Paupers, Section 3, p. 628.

Thus, a county, acting through its commissioners court, is under an affirmative duty to properly care for its indigent citizens. Further, the case of Galveston County v. Ducie, 91 Tex. 665, 45 S.W. 798 (1898), holds that a commissioners court may contract with a physician to perform medical services on paupers residing in the county. We fail to see any distinction between employing a physician and employing a neuro-surgeon as long as the services of the doctor employed are necessary to maintain the bodily health of indigent residents of the county. Therefore, we answer your first question in the affirmative.

In order to furnish proper treatment for certain indigents, it may become necessary for a county to employ specialists, such as a neuro-surgeon. We feel that the place of residence of the physician is irrelevant as long as his services are necessary to preserve bodily health of the indigent citizens. Therefore, your second question is also answered in the affirmative.

## S U M M A R Y

The duty of a county to furnish medical care for its indigent residents includes the duty to employ medical specialists when necessary; such specialists need not be residents of the county.

Very truly yours,

WAGGONER CARR
Attorney General

By: *E. Lawrence Merriman*

E. Lawrence Merriman
Assistant

ELM:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Malcolm Quick
Bob Flowers
Bob Smith
Ed Bolding

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone